**Rajinder SINGH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71133.

I & NS No. A72–473–909.

United States Court of Appeals, Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted March 12, 2002.*

Decided March 15, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD and McKEOWN, Circuit Judges.

### MEMORANDUM[**]

Rajinder Singh, a Sikh native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of his applications for asylum and withholding of deportation. We have jurisdiction pursuant to Section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review the BIA's finding that Singh failed to meet the statutory requirements for asylum for substantial evidence, *see Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

### I

Substantial evidence in the record supports the BIA's determination that, assuming the truth of Singh's testimony, he failed to demonstrate past persecution. Persecution is "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." *Desir v. Ilchert*, 840 F.2d 723, 727 (9th Cir.1988) (quoting *Kovac v. INS*, 407 F.2d 102, 107 (9th Cir. 1969)). Whether Singh suffered persecution "is heavily fact-dependent, and is perhaps best answered by comparing the facts of [Singh's] case with those of similar cases." *Singh v. INS*, 134 F.3d 962, 967–68 (9th Cir.1998).

Singh was detained on two occasions because he and his father protested the police's treatment of the local Sikh community. The first time, Singh was imprisoned for 24 hours, during which the police pulled his hair, slapped him, punched him in the stomach, disrespected his religion, and called him names. About two weeks later, the police detained Singh for two days, during which he was kept in a dark room, beaten, slapped, punched and dragged about by his hair. Although troubling, Singh's treatment does not compel a finding of persecution. It was far less severe than the physical abuse suffered by successful asylum petitioners. *Cf., e.g., Singh v. Ilchert*, 63 F.3d 1501, 1512 (9th Cir.1995) (granting asylum petition to Sikh native of Punjab, India who was detained without charge for ten days, during which he was beaten upside down with a baton and wide leather belt such that he lost consciousness and still has difficulty standing up). Nor did Singh receive any death threats. *Cf. Sangha v. INS*, 103 F.3d 1482, 1486 (9th Cir.1997) (finding past persecution of Sikh native of Punjab, India because local Sikh militants repeatedly threatened to kill him unless he agreed to join forces with them).

### II

Substantial evidence in the record supports the BIA's second finding that Singh has failed to demonstrate a well-founded fear of future persecution. To establish a well-founded fear of future persecution, the applicant must show that his fear is genuine and objectively reasonable. *Singh v. Ilchert*, 63 F.3d 1501, 1505–06 (9th Cir.1995). The objective component may be satisfied "by the production of specific documentary evidence or by the credible and persuasive testimony of the applicant." *Desir v. Ilchert*, 840 F.2d 723, 726 (9th Cir.1988). Evidence that an applicant's family member suffered past per-

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

secution may establish that the applicant has a well-founded fear of future persecution. *See Arriaga–Barrientos v. INS*, 937 F.2d 411, 414 (9th Cir.1991).

Here, as the BIA found, there is little evidence to support Singh's contention that his father was killed by Indian police. To the contrary, it appears Sikh militants had a motive to murder Singh's father, who advocated for the rights of "innocent," nonmilitant Sikhs. The record indicates that Sikh militants have killed Sikh civilians who do not support the establishment of an independent Sikh state. An Indian newspaper article reported that Singh's father was killed by Sikh militants. Further, Singh's testimony as to a farmer's recounting of his father's death was inconsistent; at one point Singh stated that the farmer saw the police shoot and kill his father; at another point he testified that the farmer only heard gunshots from afar and subsequently discovered his father's body. Finally, Singh's family friend's testimony that he believed the police killed Singh's father is unpersuasive; he was out of the country when the killing occurred and was unable to produce any direct evidence to support his theory. In sum, because the record does not compel a finding that Singh's father was killed by the Indian police, substantial evidence supports the conclusion that Singh failed to demonstrate a well-founded fear of future persecution.

### III

Because the record does not compel a finding of persecution or a well-founded fear thereof, it necessarily does not compel a finding that Singh is entitled to withholding of deportation, which requires a more stringent showing than that required for

* This panel unanimously finds this case suitable for decision without oral argument. See

asylum. *Singh v. INS*, 134 F.3d 962, 971 (9th Cir.1998).

PETITION FOR REVIEW DENIED.